

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00119-CR
_____

ADRIAN LEE PICKINGS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 08M0712-CCL

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

A jury found Adrian Lee Pickings guilty of the misdemeanor offense of interfering with the duties of a public servant. *See* TEX. PENAL CODE ANN. § 38.15 (Vernon Supp. 2008). The punishment assessed was a fine of $2,000.00. In this appeal, Pickings alleges that a variance between the charging instrument and the evidence requires a finding that the evidence is legally and factually insufficient to support the verdict. We affirm the judgment of the trial court.

## I. Facts

Jay Hedges, an officer with the Hooks Police Department, was patrolling on the evening of February 9, 2008, when he observed a vehicle in which the driver failed to signal an intention to turn within 100 feet of an intersection. For this traffic offense, Hedges stopped the vehicle, which was being driven by Adrian's mother, Hazel Pickings, and in which Adrian was a passenger. The occupants of the vehicle (Hazel, Adrian, and an unknown third party) emerged from the vehicle and refused Hedges' direction to remain seated in the vehicle. Hazel refused to provide Hedges her driver's license information, and Adrian told Hedges he did not have to provide a m—f— thing. Hedges then called for assistance from other officers. By that time, Hazel was cursing Hedges; neighbors hearing the commotion began to gather. Hedges then stated, "I told her she is [was] going to be placed under arrest for disorderly conduct."

Q. So, you decided to arrest Ms. Pickings?

A. Yes, ma'am.

About that same time, Officer Rickey Steward arrived on the scene and attempted to put handcuffs on Hazel when Adrian stepped in front of Steward, extended his arm, and said that she would not be arrested. Hedges then grabbed Adrian by the arm and told him he was under arrest for interference with a public servant's duties.

## II. Variance

The information alleged that Adrian did

then and there while Officer Hedges, a peace officer, was performing a duty or exercising authority imposed or granted by law, to wit: ATTEMPTING TO EFFECT AN ARREST, with criminal negligence, interrupt, disrupt, impede or interfere with the said OFFICER HEDGES by STEPPING IN FRONT OF THE OFFICER AS OFFICER WAS ATTEMPTING TO EFFECT AN ARREST.

In this appeal, Adrian concedes that he interfered with Steward's efforts to arrest his mother, but denies he interfered with Hedges while he was exercising his authority imposed or granted by law. He contends that this variance between the allegations in the charging instrument and the evidence at trial constitutes a material variance that renders the evidence insufficient to sustain the jury's verdict. We disagree.

A person commits an offense if the person, with criminal negligence, interrupts, disrupts, impedes or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law. TEX. PENAL CODE ANN. § 38.15.

It is undisputed that Hedges was a peace officer performing a duty or authority granted by law at the time in question and that Adrian interfered with the arrest of his mother. The only issue

3

presented is whether such actions only interfered with Steward rather than Hedges' performance of such duty.

Hedges was the peace officer who stopped the vehicle that Hazel was driving and in which Adrian was a passenger. After their refusal to present their driver's licenses, Hedges asked for additional assistance. Based on her actions, Hedges advised Hazel that she would be placed under arrest for disorderly conduct. The backup officer attempted to place the handcuffs on Hazel when Adrian prevented such action until he was arrested by Hedges.

The action that constitutes criminal conduct in this statute is interrupting, disrupting, or impeding the peace officer doing his duties, one of which includes the authority to arrest. Hedges was the officer who had observed all of the events that evening, including the refusal of Hazel and Adrian to obey the command to remain in the vehicle and to provide identification, cursing the officer, and the gathering of others watching this disturbance. Based on these facts, Hedges advised Hazel that she would be placed under arrest, and Steward then attempted to take her into custody by placing handcuffs on her when Adrian interfered. The gravamen of the offense is the interference with Hedges' performing of a duty or his authority granted by law. It does not matter for purposes of criminal liability how Adrian did it so long as the effect of Adrian's conduct interfered with Hedges' performance of his lawful duties. The issue is whether Pickings' actions impeded Hedges' attempt to effect an arrest. The precise manner that Pickings used to accomplish this is simply a

4

manner or means and is not the gravamen of the offense.[1]  Whether Adrian stepped in front of Officer Steward rather than Officer Hedges is not the important consideration; whether such action impeded Hedges' announced intention to effect an arrest of Hazel is the issue.  Even though it was Steward who actually attempted to place the handcuffs on Hazel when the interference occurred, this action impeded and interfered with the lawful duty that Hedges had already expressed—to arrest Hazel.  Only Hedges had the factual information that supported the decision to arrest; he was the initial officer on the scene and was the only officer with personal knowledge of a violation of the law which would authorize the arrest.  Steward was merely assisting in the arrest that Hedges had already announced.  The evidence supports the jury finding that Adrian's actions impeded or interfered with Hedges' attempt to effect an arrest of Hazel.  We find that the evidence does not show a variance between the charging instrument and the evidence presented.  The point of error is overruled.

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     October 16, 2008
Date Decided:       November 12, 2008

Do Not Publish

---

[1]In this case, the manner or means alleged was "by stepping in front of the officer as officer was attempting to effect an arrest."  Generally, adverbial phrases, introduced by the preposition "by" describe the manner and means of committing the offense.  They are not the gravamen of the offense.  *Stuhler v. State*, 218 S.W.3d 706, 718 (Tex. Crim. App. 2007).

5